UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-123-F

| | |
|---|---|
| ROBERT E. GIBBS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   **O R D E R**<br>) |
| JOHN E. POTTER, Postmaster,<br>United States Postal Service; and<br>DARYL MEYERS, Postmaster,<br>Dayton, OH,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

This is a pro se action by a former Postal Service employee, purportedly alleging that Daryl Meyers, Postmaster of Dayton, Ohio, wrongfully discharged the plaintiff, Robert E. Gibbs ("Gibbs"), on July 26, 2006. Gibbs also contends that in the process of such wrongful termination, Meyers and the Postal Service also discriminated against him because of his race and his age, retaliated against him, and harassed him. Finally, Gibbs cites "disparate of treatment," querying, "Who in Newport News, Va has ever been fired for 'leaving a vehicle running?' I was treated differently." The initial complaint was filed as an attachment to Gibbs's Motion for Leave to Proceed In Forma Pauperis [DE-1].

The matter was referred to Magistrate Judge David W. Daniel for a frivolity review in relation to Gibbs's Motion for Leave to Proceed In Forma Pauperis . Judge Daniel allowed the Motion to Proceed In Forma Pauperis, and directed the United States Marshal to serve the summons and complaint prepared by Gibbs. [DE-2]. The Clerk caused the Complaint to be filed on August 20, 2008 [DE-3]; summonses were issued on that same date. By order filed

September 9, 2008, Judge Daniel noted that Gibbs did not provide the proper addresses for the defendants, and that such failure prevented the United States Marshal from effecting service. Additionally, Judge Daniel specifically advised Gibbs that,

> Pursuant to Rule 4(i) of the Federal Rule [sic] of Civil Procedure, Plaintiff must serve a copy of the summonses and complaint on Defendants as well as on the United States Attorney, and the Attorney General. Plaintiff may obtain the addresses of the civil process clerk for the United States Attorney and the Attorney General from the clerk's office.

Daniel Order [DE-6] at 1. Judge Daniel reminded Gibbs that it was his responsibility to ascertain and provide accurate addresses for service by the Marshal on the Defendants. Judge Daniel directed Gibbs to provide such addresses pursuant to Rule 4(i) by September 19, 2008, and cautioned Gibbs that his failure to do so might result in the dismissal of this action for failure to prosecute. *Id.* at 2.

On September 17, 2008, Gibbs produced summonses for both named defendants, and two days later, he filed an Amended Complaint. The two summonses were re-issued by the clerk's office and delivered to the Marshal's Service for service. Both summonses were returned executed on October 29, 2008. However, Gibbs's efforts still did not comply with the service requirements of Rule 4(i), because he failed to serve either the United States Attorney for the Eastern District of North Carolina, or the Attorney General in Washington, D.C.

On December 29, 2008, Gibbs filed a Motion for Default Judgment [DE-13] because neither Potter nor Meyers had filed an Answer to his Complaint. The United States Attorney filed a Motion to Dismiss for Lack of Proper Service [DE-14] followed by a Response [DE-18] in Opposition to Gibbs's Motion for Default Judgment. The basis for both the United States' filings is that Gibbs had yet to effect proper service in this action, as required by Rule 4(i),

Federal Rules of Civil Procedure, and, not only should default be denied, but this lawsuit should be dismissed in its entirety for failure to obtain service within the required 120-day period.

Gibbs responded to the Government's motions stating that he did not know he had to serve the United States Attorney's Office because he did not know about Rule 4(i)(1) and (2). He seeks additional time pursuant to Rule 6(b)(1)(A), (B), within which to perfect service. *See* [DE-19 & -22].

Rule 6(b)(1)(A) does not apply here, because the time within which service of process must be effected has expired under Rule 4(m). Rule 6(b)(1)(B) also does not apply because Gibbs's failure to act was not the result of excusable neglect. Specifically, Judge Daniel explicitly advised Gibbs on September 9, 2008 [DE-6] that Gibbs must "serve a copy of the summonses and complaint on [the named] Defendants as well as on the United States Attorney, and the Attorney General. Plaintiff may obtain the addresses of the civil process clerk for the United States Attorney and the Attorney General from the clerk's office." Judge Daniel also explicitly cautioned Gibbs that if he failed to do so, this lawsuit might be dismissed. Contrary to his representations, Gibbs *in fact did know* about Rule 4(i)(1) and (2) in time to bring himself into compliance with its requirements. Neither Rule 4 (i)(4)(A) or (B) provides a ground for curing this defect in service, because the facts in this case do not fall within either subsection.

Absent a waiver, unless a defendant is properly served the court has no jurisdiction to act. In a Title VII case against the United States Postal Service, such as this one, the only proper defendant is the Postmaster General. *See, e.g., Soto v. United States Postal Service*, 905 F.2d 537, 539 (1st Cir. 1990), *cert. denied*, 498 U.S. 1027 (1991); *see also* 42 U.S.C.2000e-16(c) (head of the governmental department or agency sued shall be the defendant in any complaint of

discrimination). John E. Potter is the Postmaster General, and therefore is the only proper defendant. He must be served with process as required by Rule 4(i) (2), which in turn also requires compliance with Rule 4(i)(1). Gibbs has not complied with either subsection, notwithstanding specific instruction to do so by a United States Magistrate Judge. Gibbs's pro se status is no excuse for non-compliance. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Gibbs has failed to effect service as required under Rule 4 (i)(1), (2), within the period prescribed by Rule 4(m), and furthermore has not shown good cause for such failure. Under the circumstances of this case, Gibbs's Motion for an Extension of Time to effect service under Rule 6(b)(1) is DENIED. It therefore is ORDERED that this action is DISMISSED in its entirety without prejudice. *See Lewis v. United States Postal Service,* No. 6:07-CV-2963-GRA, 2009 WL 425932 (D. S.C. Feb. 19, 2009); *Boston v. Potter*, 185 Fed. Appx. 853 (11th Cir. 2006); *Jeffreys v. United States Postal Service*, 119 F.R.D. 350 (S.D.N.Y. 1988).

SO ORDERED.

This _4__ day of March, 2009.

_____
JAMES C. FOX
Senior United States District Judge